STATE EX REL. GOODSON v. GREENE COUNTY CIRCUIT COURT, ETC.

[No. 968S153. Filed November 27, 1968.]

*Joe D. Black,* Vincennes, for relator.

*Ralph Alsop, Curtis G. Shake,* Vincennes, for respondents.

PER CURIAM.—Under Supreme Court Rule 2-6 which became effective April 22, 1968, the relator had 90 days from the day summary judgment was rendered to file an appeal. When the rule was adopted, in order not to work a hardship on litigants, the court provided that a party would have 90 days from the overruling of his motion for a new trial "in all cases prior to the effective date of this amendment." Summary judgment

was rendered in this matter on April 10, 1968, against petitioner; on April 22, 1968, the Supreme Court Rule 2-6 went into effect; on April 26, 1968, petitioner filed a motion for a new trial; and on July 25, 1968, the motion for a new trial was overruled.

It is apparent that the petitioner discovered at this point that the rule change went into effect, and his appeal would have been barred July 9, 1968, 90 days after summary judgment. The writ was brought well within the 90 day period from the overruling of his motion for a new trial.

In this specific matter, a writ of prohibition is not a proper remedy. Under the facts and circumstances, however, an appeal on the merits should not be barred. Inasmuch as the writ was filed on September 9, 1968, this should toll the running of the limitations and permit the petitioner a 34 day period from the denial of this writ in which to file an appeal. The petitioner's substantive rights should not be adversely affected by the adoption of a new rule, particularly in view of the ambiguity of the phrase which has caused petitioner his dilemma.

The writ of prohibition is dismissed and the petitioner is allowed an additional thirty-four (34) days from the date of this ruling to file his assignment of errors for an appeal on the merits.

Arterburn, J. not participating; DeBruler, J. dissents.

NOTE.—Reported in 241 N. E. 2d 861.